STRANCH, Circuit Judge,
dissenting.
On my reading of the record, although the ALJ identified Dr. Bell as Crum’s primary care physician, she did not “give good reasons” for the limited weight she afforded Dr. Bell’s 2012 opinion. See 20 C.F.R. §§ 404.1502, 404.1527(c)(2). More than “simply a formality,” this procedural requirement of the treating physician rule protects a claimant’s ability to understand the disposition of his case and allows for meaningful judicial review of disability determinations. Wilson v. Comm’r of Soc. Sec., 378 F.3d 541, 544-45 (6th Cir. 2004); see also Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011) (describing the good reasons requirement as “not simply a formality; it is to safeguard the claimant’s procedural rights”). Even when the ALJ’s decision is otherwise supported by substantial evidence, failure to observe this “procedural aspect of the treating physician rule” requires reversal. Wilson, 378 F.3d at 544.
The most important medical limitation offered by Dr. Bell was the estimate that Crum would miss four to five days of work during a typical month due to his gastrointestinal disorder. The ALJ must have initially found this limitation to be of some import, because she posed it as a hypothetical question to the vocational expert, who was unable to identify any work that would accommodate this limitation. None of the non-examining State medical consultants— whose medical opinions the ALJ apparently weighed more heavily—were asked what effect Crum’s impairments might have on his attendance at work.
And yet, the ALJ’s decision omitted any mention of Dr. Bell’s opinion regarding the attendance limitation or the vocational expert’s testimony that no jobs existed to accommodate this limitation. Instead, the ALJ afforded Dr. Bell’s opinion only cursory consideration, noting the fifteen-month gap in treatment between October 2010 and March 2012, and that Dr. Bell’s assessment was based on one recent examination. The ALJ summarily concluded that Dr. Bell’s “opinion is not consistent with the past treatment records,” and gave it weight only “as it is consistent with the assessed residual functional capacity in this case.” Id.
This circular explanation, that Dr. Bell’s opinion is only “credible to the extent it confirmed the ALJ’s own conclusion,” is not sufficiently specific to satisfy the stringent good reasons requirement. Dragon v. Comm’r of Soc. Sec., 470 Fed.Appx. 454, 466 (6th Cir. 2012). It leaves this court no basis on which to review the ALJ’s treatment of the most important aspect of the primary care physician’s medical opinion because the ALJ does not indicate whether it was considered at all, much less how it was weighed in the context of the other record evidence.
Because the ALJ did not adhere to the agency-mandated procedural requirements when she denied Crum’s application for disability benefits, I would remand the case to the Social Security Administration for further consideration or additional explanation. Accordingly, I respectfully dissent from the majority’s opinion.